UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY JACKSON,　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　)　　Case No. 1:10-cv-1105
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　)　　Honorable Robert Holmes Bell
　　　　　　　　　　　　　　　　　)
FIFTH THIRD BANK, KENTUCKY, INC.,)
　　　　　　　　　　　　　　　　　)　　**REPORT AND RECOMMENDATION**
　　　　　　Defendant.　　　　　　)
_____)

　　　　　This is a civil action brought by a *pro se* plaintiff. The defendant is named as Fifth Third Bank of Lexington, Kentucky.[1] Plaintiff's *pro se* complaint alleges that on November 8, 2010, plaintiff presented a negotiable instrument to a branch in Grand Rapids and demanded payment of $50,000 in five American Eagle gold coins. Plaintiff alleges that he was denied payment in gold in violation of the Contract Clause of article 1, section 10 of the United States Constitution and the Coinage Act of 1834. For relief, plaintiff seeks injunctive relief requiring the defendant bank to make payment in gold coin as required by federal law.

　　　　　The court has granted plaintiff leave to proceed *in forma pauperis*, in light of his indigence. Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action may be

---

[1] Fifth Third Bank is a banking corporation with headquarters in Cincinnati, Ohio.

dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Accordingly, an action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325. The plaintiff "must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A plaintiff must 'plead [] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). "A plaintiff falls short if []he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 129 S. Ct. at 1949, 1950). In applying these standards, the court must read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Contrary to the plain requirements of Rule 8(a)(1), the complaint does not contain a short and plain statement of the grounds for the court's jurisdiction. Even accepting all of plaintiff's factual allegations as true, no basis for federal district court jurisdiction appears possible. In general, the district courts have original jurisdiction over cases arising under federal law, 28 U.S.C. § 1331, or cases involving complete diversity of citizenship and the requisite amount in controversy of $75,000.00. 28 U.S.C. § 1332. Plaintiff's complaint does not present any substantial federal question under section 1331. Plaintiff invokes the Contract Clause of article 1, section 10 of the

United States Constitution, which prohibits the states from making anything but gold or silver legal tender. The Contract Clause binds the states only. *See Legal Tender Cases*, 110 U.S. 421 (1884). It cannot be violated by private corporations, such as Fifth Third Bank. Plaintiff also mentions the Coinage Act of 1834. The Coinage Act of 1834 is no longer the law. Congress has now provided that all U.S. coins and currency, including Federal Reserve Notes, are legal tender for all debts. 31 U.S.C. § 5103. The federal courts routinely reject claims that the now-repealed Coinage Acts passed at or around the time of the country's founding require debts to be paid in gold or silver. *See, e.g., Sequeria v. Wells Fargo Home Mortg.*, No. CV 09-150, 2009 WL 890463, at * 1 (N.D. Cal. Apr. 1, 2009) (collecting cases); *Carrington v. Federal Nat'l Mortg. Ass'n*, No. 05-cv-73429, 2005 WL 3216226 (E.D. Mich. Nov. 29, 2005) (claim that payment must be made in gold or silver was "patently meritless and has been universally rejected by numerous federal courts."). Moreover, plaintiff has not pleaded a claim falling within this court's diversity jurisdiction, as his complaint seeks to recover on a negotiable instrument alleged to be in the amount of $50,000.00. The requisite amount in controversy to trigger diversity jurisdiction is $75,000.00. 28 U.S.C. § 1332(a).

### **Recommended Disposition**

The present complaint is one of six frivolous lawsuits brought by Mr. Jackson in the past several months, all *in forma pauperis*. This, like the others, is an abuse of the privilege of proceeding *in forma pauperis*. The present case is clearly outside the subject-matter jurisdiction of

the federal courts and should be dismissed. I therefore recommend that an order of dismissal for lack of subject-matter jurisdiction be entered.


Dated: December 20, 2010           /s/ Joseph G. Scoville
                                   United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).